**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| GLEASON INDUSTRIAL PRODUCTS, INC. and PRECISION PRODUCTS, INC., | |
| Plaintiffs, | Before:  Richard W. Goldberg, Senior Judge |
| v. | |
| UNITED STATES, | Court No. 06-00089 |
| Defendant, | |
| and | |
| CENTRAL PURCHASING, LLC, | |
| Defendant-Intervenor. | |

**OPINION**

[Commerce's remand results are sustained].

Date:  October 22, 2008.

Crowell & Moring, LLP (Matthew P. Jaffe) for Plaintiffs Gleason Industrial Products, Inc. and Precision Products, Inc.

Adduci, Mastriani & Schaumberg, LLP (Louis S. Mastriani, William C. Sjoberg) for Defendant-Intervenor Central Purchasing, LLC.

Gregory D. Katsas, Assistant Attorney General; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Stephen C. Tosini); Office of the Chief Counsel, U.S. Department of Commerce (Carrie Lee Owens), of counsel, for Defendant United States.

**GOLDBERG, Senior Judge**:  This matter is before the Court
pursuant to our remand in Gleason Industrial Products, Inc. v.
United States, 32 CIT __, 556 F. Supp. 2d 1344 (2008) ("Gleason
II").  On remand, the U.S. Department of Commerce ("Commerce")
held that Central Purchasing, LLC's ("Central Purchasing") hand
truck model 43615 was not within the scope of the antidumping
duty order in place against certain hand trucks manufactured in
China.  For the reasons that follow, Commerce's results are
sustained.

## I.    **BACKGROUND**

The procedural history of this case has been laid out at
length in Gleason II.  See id. at __, 556 F. Supp. 2d at 1346.
Briefly the relevant facts are as follows:  in 2004, Commerce
entered an antidumping duty order on certain types of hand
trucks manufactured in China.  See Hand Trucks and Certain Parts
Thereof from the People's Republic of China, 69 Fed. Reg. 70,122
(Dep't. Commerce Dec. 2, 2004) (notice of antidumping duty
order).  A hand truck covered by this order must possess four
design elements: (1) a vertical frame; (2) a handle or handles;
(3) two or more wheels; and (4) a projecting edge capable of
sliding under a load.  See id.  In 2004, Central Purchasing
asked Commerce to determine whether two of its hand carts models
fell under the antidumping duty order.  Commerce initially

determined that both models were outside the scope of the antidumping duty order.  See Final Scope Ruling for Central Purchasing, LLC's Two Models of Welding Carts (Feb. 15, 2006). Plaintiffs Gleason Industrial Products, Inc. and Precision Product's Inc. (collectively "Gleason") contested this determination, and upon review of Gleason's motion, Commerce requested a voluntary remand to re-evaluate the characteristics of Central Purchasing's hand trucks.  This Court granted Commerce's request.  See Gleason Indus. Prods. Inc., v. United States, Slip Op. 07-40, 2007 WL 781196 (CIT Mar. 16, 2007) ("Gleason I").  On remand, Commerce found that both models were included within the scope of the antidumping duty order.  See Redetermination on Remand Pursuant to Gleason Indus. Prods., Inc. v. United States, Slip Op. 07-40 (CIT, Mar. 16, 2007) ("First Remand Results").

Central Purchasing contested Commerce's First Remand Results—arguing that Commerce's conclusions lacked substantial evidence.  On review, this Court affirmed Commerce's results in part, and reversed in part.  This Court affirmed Commerce's conclusion that model 93851 was within the scope of the antidumping duty order, but reversed Commerce's conclusions regarding model 43651 because of the agency's erroneous findings regarding the design of its projecting edge.  See Gleason II, 32 CIT at __, 556 F. Supp. 2d at 1349.  On remand, the Court

ordered Commerce to evaluate whether model 43651's projecting edge was capable of sliding under a load.

## II.    JURISDICTION & STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  The Court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1) (2000). Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

## III. DISCUSSION

On remand, Commerce found that model 43651's projecting edge was not capable of sliding under a load, and was outside the scope of the antidumping duty order.  See Final Results of Redetermination Pursuant to Court Remand in Gleason Indus. Prods. v. United States, Slip Op. 08-42 (CIT, Apr. 14, 2008) ("Second Remand Results").  Gleason contests this determination, and raises two primary arguments: (1) that model 43615's projecting edge is capable of sliding under a load; and (2) that this model's elevated projecting edge is only an additional

feature which does not place the model outside the scope of the antidumping duty order.  These arguments are addressed in turn.

### A. Design of Model 43615's Projecting Edge

Gleason first argues that the design of model 43615's projecting edge allows it to slide under a load.  According to Gleason, models 43615 and 93581 have substantially similar projecting edges, and that since model 93851 is covered under the antidumping duty order, model 43851 should also be covered.  This argument lacks merit.  Model 43615's projecting edge is not flush with the ground, but is instead located a 1/2 inch from the bottom of its vertical frame.  In Commerce's view, this alone would not prevent the projecting edge from sliding under a load were the hand truck slightly tilted to meet the load.  See First Remand Results, at 11-12.  However, model 43615's projecting edge also has a 1 1/4 inch raised lip which forms one side of a square box.  This square box provides secure storage space, and prevents loads from sliding off or out of the area of the projecting edge.  According to Commerce, this 1 1/4 inch raised lip makes 43615's projecting edge significantly different than that of model 93581.  Model 93851's projecting edge, although also raised a 1/2 inch from the base of its vertical frame, faces downward.  This design feature, according to Commerce, is what allows model 93851's projecting edge to slide under a slightly tipped load.  Id.

On remand, Commerce found that model 43615's raised edge prevents it from sliding under a load, as a load would have to be lifted or rolled onto the projecting edge over this 1 1/4 raised lip "because the lip acts as barrier to sliding any load onto the [projecting edge]." Second Remand Results, at 5. In short, models 43615 and 93851 are significantly different, and Commerce's determination that a 1 1/4 inch raised lip prevents model 43615's projecting edge from sliding under a load is reasonable. If the projecting edge "of model 43615 were slid under a load, the four-sided 1 1/4 inch on the [projecting edge] would force the load to drop into the four-sided tray." Second Remand Results, at 9. Evidence indicates that this could potentially cause an explosion, and violate the requirements for safely handling pressurized cylinders-the most common load for this design model. See id. Accordingly, Commerce's conclusions regarding the design of models 43615 and 93815 are supported by substantial evidence.

**B. The Elevated Toe Plate as an Additional Feature**

Gleason also argues that the 1 1/4 inch raised lip of model 43615's projecting edge is an additional physical characteristic which should not exclude this model from the scope of the antidumping duty order. This argument is meritless. According to the antidumping duty order, the fact "that the hand truck may exhibit physical characteristics in addition to the vertical

frame, the handling area, the projecting edges or toe plate, and the two wheels at or near the lower section of the vertical frame, is not a basis for exclusion . . . ." Hand Trucks from China, 69 Fed. Reg. at 70,122. However, model 43615's raised edge is not an additional characteristic–but instead relates directly to the requirements of the antidumping duty order. The scope language explicitly states that the hand cart's projecting edge must be capable of sliding under a load for the purposes of lifting and moving that load. Id. Here, Commerce did not find that model 43615 was outside the scope of the antidumping duty order because of it possessed a 1 1/4 raised edge, but instead because this raised edge prevents the model from performing a required function. Accordingly, Commerce's conclusions are supported by substantial evidence.

## IV.  CONCLUSION

In light of the foregoing, this Court sustains Commerce's remand results.

/s/ Richard W. Goldberg
**Richard W. Goldberg**
**Senior Judge**

Date:    **October 22, 2008**
          **New York, New York**

## ERRATA

**Slip Op. 08-115**

**On Page 3:** in the text, "regarding model 43651," "43651" should be replaced with "43615"

**On Page 4:** in the text, "to evaluate whether model 43651," "43651" should be replaced with "43615"

**On Page 4:** in the text, "Commerce found that model 43651," "43651" should be replaced with "43615"

**On Page 5:** in the text, "According to Gleason, models 43615 and 93581," "93581" should be replaced with "93815"

**On Page 5:** in the text, "is covered by the antidumping duty order, model 43851," "43851" should be replaced with "43615"

**On Page 5:** in the text, "significantly different than that of model "93581," "93581" should be replaced with "93851"

**On Page 6:** in the text, regarding the design of models 43615, and 93815," "93815" should be replaced with "93851"


**Dated: October 24, 2008**

## ERRATA

**On Slip Op. 08-115:**

**On Page 5:** in the text, "According to Gleason, models 43615 and 93581," "93581" should be replaced with "93851".

**Dated:  October 27, 2008.**